IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAROLD A. SHAW, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-808-RWS |
| TRUSTEE, ALL OTHERS : | |
| THEREOF, BRANCH BANKING : | |
| AND TRUST, : | |
| : | |
| Defendant. : | |

## ORDER

This case comes before the Court on Plaintiff's Petition for Temporary Protective Order in Foreclosure [2] and Defendant's Motion to Dismiss [3]. After considering the record, the Court enters the following Order.

## Background

Plaintiff Harold A. Shaw initiated this action in Gwinnett County Superior Court on March 4, 2014, seeking temporary protective relief following a foreclosure sale. Plaintiff purchased property located at 5313 Pounds Dr. N., Stone Mountain, Georgia 30087 ("the Property") in November 2009. Plaintiff, as borrower, executed a Promissory Note and Security Deed relating to the Property on November 23, 2009 to finance this purchase. (Note, Security Deed,

Dkt. [3-2, 3-3].)[1] The Security Deed named Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee and nominee for lender Real Estate Mortgage Network, Inc.  MERS then transferred and assigned all rights under the Security Deed to Defendant Branch Banking & Trust Company. (Deed Under Power of Sale, Dkt. [3-4] at 2.)

After Plaintiff apparently defaulted on his mortgage payments, Defendant initiated foreclosure proceedings resulting in a foreclosure sale on March 4, 2014. That same day, Plaintiff filed his complaint in the Gwinnett County Superior Court. Plaintiff's only filing is a Temporary Protective Order ("TPO") form designed for persons seeking temporary protective relief under Georgia's Family Violence Act, O.C.G.A. § 19-13-1, *et seq*. (Petition, Dkt. [2].)  There is no separate complaint.  Based on the information provided in the TPO form, it appears Plaintiff is asking the Court to temporarily enjoin Defendant from selling, disposing or encumbering, trading, contracting to sell, or otherwise disposing of the Property. (Id. at 5.) Plaintiff also asks the Court to correct

---

[1] The Court may take judicial notice of public records without converting the instant motion into a motion for summary judgment. Universal Express, Inc. V. SEC, 177 F. App'x 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

2

Plaintiff's loan balance to reflect what he believes to be the accurate amount still owed to Defendant. (Id. at 6.) Asserting diversity jurisdiction, Defendant removed the suit pursuant to 28 U.S.C. § 1446(d) on March 20, 2014. (Notice of Removal, Dkt. [1].) Defendant moves for dismissal.

## Discussion

### I.  TRO and Motion to Dismiss Legal Standard

Before a court will grant preliminary injunctive relief, the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).  "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ." ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual

3

allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. See Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In addition, the Court recognizes that Plaintiff is appearing *pro se*. Thus, his complaint is more leniently construed and "held to less stringent standards

4

than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  However, nothing in that lenience excuses a plaintiff from compliance with the stringent requirements to obtain preliminary injunctive relief.  Plaintiff has not responded to Defendant's motion to dismiss, and thus Defendant's arguments are deemed unopposed. See L.R. 7.1(B), N.D. Ga.

## II.   Analysis

First, the Court notes that the foreclosure sale has already taken place. (See Def.'s Br., Dkt. [3-1] at 2.)  Thus, Plaintiff's petition for temporary injunctive relief is **DENIED as moot**.  Moreover, while Plaintiff makes vague references to Defendant's "predatory lending" practices and characterizes the foreclosure as "theft," he does not allege sufficient facts to show that the foreclosure was wrongful. (Petition, Dkt. [2] at 2.) Plaintiff appears only to allege that Defendant's act of foreclosure is predatory and will injure Plaintiff if allowed to proceed. (Id. at 1-2.)  Moreover, his allegations appear targeted at the banking industry as a whole, as he notes that certain practices are "seen all throughout the banking industry," and "the increased acceleration of 'predatory lending' " threatens Plaintiff with irreparable injury.  (Id. at 2.)  Plaintiff then

5

states that he "will complete arrangements to make payments to the court while the legality of the mortgage company's actions are verified." (Id.)

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004) (citing Calhoun First Nat'l Bank v. Dickens, 443 S.E.2d 837, 839 (Ga. 1994)).

Besides alleging that the mortgage industry has engaged in predatory lending, Plaintiff has not alleged how Defendant *here* breached a legal duty it owed to Plaintiff. Defendant has provided the Note and Security Deed giving Defendant full authority to foreclose in the event of Plaintiff's default. (Security Deed, Dkt. [3-3].) In Georgia, a borrower must first tender the amount due in order to enjoin a foreclosure sale or set aside a sale under power. See Smith v. Citizens & S. Fin. Corp., 268 S.E.2d 157, 159 (Ga. 1980) (holding that a borrower is not entitled to set aside a sale under power without having tendered the indebtedness secured by the security deed). Even construing Plaintiff's Petition as broadly as possible in his favor, the Court finds no basis to conclude

6

that he has tendered the full amount owed under the loan. And, without facts showing why Defendant's acts were predatory in this case, the Court finds that Plaintiff has failed to state a claim for wrongful foreclosure.[2]

## Conclusion

For the foregoing reasons, Plaintiff's Petition for Temporary Protective Order in Foreclosure [2] is **DENIED as moot**, and Defendant's Motion to Dismiss [3] is **GRANTED**.

**SO ORDERED**, this   5th   day of November, 2014.

_____
**RICHARD W. STORY**
United States District Judge

---

[2] Plaintiff alleges that there are certain issues pertaining to a loan modification. It is unclear from Plaintiff's factual allegations exactly how the loan modification affects his claim. In any event, "seeking a loan modification does not give Plaintiff a cause of action for wrongful foreclosure." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013). A bank is under no obligation to modify a loan. See Freeman v. Wells Fargo Bank, No. 1:12-CV-01022-RWS, 2012 WL 5429639, at *3 (N.D. Ga. Nov. 6, 2012).